IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA          )
                                  )
v.                                )          No. 2:12-CR-118
                                  )
GARY EUGENE TEAGUE                )

## MEMORANDUM AND ORDER

On February 6, 2014, the court held a hearing on the defendant's *pro se* request

to withdraw his guilty plea [doc. 273] and the amended motion to withdraw plea filed by his

current attorney [doc. 298]. For the reasons that follow, the defendant's motions will be

denied.

I.

*Background*

The indictment in this case charges the defendant with four counts relating to

the unlawful distribution of oxycodone. On July 11, 2013, the defendant signed a plea

agreement admitting guilt to Count One (conspiracy to distribute). The court accepted that

guilty plea at a July 23, 2013 hearing. A transcript of the hearing has been filed [doc. 306].

On October 25, 2013, the defendant filed his *pro se* motion, asking both to

withdraw the plea and to be appointed a different attorney.[1] The *pro se* motion states in full:

---

[1] To the extent that the defendant requested a new lawyer, Chief United States Magistrate
Judge Dennis Inman held a hearing on November 5, 2013. Magistrate Judge Inman granted the
defendant's request by order entered that same day. [Doc. 288].

Reason Being: [My attorney] Misrepresenting himself & lieing to me on numerous occasions.

1. Was never told about the P.S.I. [presentence report] Guidelines determining my sentencing. He never discussed this process with me at all.

2. When trying to explain the P.S.I. to after it came back we got into an arguement because he never explained it to me to begin with.

3. During our talks over the P.S.I. I informed [my attorney] that I was called to the Wardens Office and was advised that my father was diagnosed with Terminal Lung Cancer and had a few months to live at that time our talks turned bad and I'm requesting a new attorney.

[Doc. 273] (spelling and grammar as in original). In material part, the supplemental motion

filed by counsel adds:

8. Erroneous or inadequate legal advice constitutes a fair and just reason for withdrawal;

9. In this case, whether or not the advice was erroneous or inadequate is not the only question;

10. Whether or not Mr. Teague understood the consequences of his guilty plea is the real question;

11. The plea in this case was entered through a misunderstanding as to its effect;

12. The plea was not entered into knowingly due to Mr. Teague not being informed to the point of understanding the full consequences flowing from his guilty plea[.]

[Doc. 298].

As noted, on July 11, 2013, the defendant signed a plea agreement. In material part, that agreement provides,

- "The defendant is pleading guilty because the defendant is in fact guilty." [Doc. 177, ¶ 3].

- The defendant "reserve[d] the right to argue the applicability of the career offender guidelines provision set forth in U.S.S.G. § 4B1.1." [Doc. 177, ¶ 4(k)].

- The defendant admitted responsibility for 95,610 milligrams of oxycodone. [Doc. 177, ¶ 4(m)].

- "No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty pleas. The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553." [Doc. 177, ¶ 6(c)].

The plea agreement further contains hand-written alterations and deletions made by the defendant. [Doc. 177, ¶¶ 4(c), 4(d)].

At the commencement of the July 23, 2013 change of plea hearing, the defendant swore to tell the truth. [Doc. 306, p.3]. The following pertinent exchanges and acknowledgments from the change of plea hearing are noted:

3

1. The defendant affirmed that his attorney had explained the terms of the plea agreement to him, and that he was satisfied with his attorney's advice and representation. [Doc. 306, p.6].

2. The defendant agreed with the government's summary of his criminal conduct in this case, and he confirmed that he was pleading guilty because he was in fact guilty. [Doc. 306, p.11-12].

3. The prosecution advised the defendant of the penalty range to which he would be subjected. [Doc. 306, p.12].

4. The court advised the defendant: (1) that it would consider the applicable sentencing guidelines; (2) that it would not be able to determine the defendant's sentence until it had received the presentence report; (3) that he was giving up his right to a trial and "there will be no trial"; and (4) "You will not be permitted to withdraw your plea on the basis of the sentence that you might receive." [Doc. 306, p. 7, 12-14].

5. Having heard all of the above-noted admonitions, the defendant confirmed that he still wished to plead guilty. [Doc. 306, p.15].

The court then accepted the defendant's guilty plea. [Doc. 306, p. 16].

## II.

### *Analysis*

After a plea of guilty has been accepted by the court, a defendant may withdraw that plea upon demonstrating "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). To determine whether a defendant has presented "a fair and just reason," courts consider a nonexhaustive list of factors including,

4

1. The length of time between the plea and the motion to withdraw.

2. The presence or absence of a valid reason for failing to move earlier.

3. Whether the defendant has asserted or maintained his innocence.

4. The circumstances underlying the entry of the guilty plea.

5. The defendant's nature and background.

6. The degree to which the defendant has prior experience with the criminal justice system.

7. Potential prejudice to the government if the motion is granted.

*United States v. Quinlan*, 473 F.3d 273, 276-77 (6th Cir. 2007) (citing *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)).  These considerations "are a general, non-exclusive list and no one factor is controlling."  *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

"When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise.  The withdrawal of a guilty plea is inherently in derogation of the public interest in finality and the orderly administration of justice."  *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) (citations and quotations omitted).

A. Length of Time Between Plea and Motion

This court accepted the defendant's guilty plea on July 23, 2013.  The defendant filed his *pro se* motion on October 25, 2013, with a postmark of October 23, 2013.  Ninety days passed between the entry of the defendant's plea and his *pro se* motion to

withdraw. A delay of 30 days is "at the boundary line between what is acceptable and what is not." *United States v. Benton*, 639 F.3d 723, 727 (6th Cir. 2011) (citing and quoting *United States v. Jannuzzi*, No. 07-4521, 2009 WL 579331, at *3 (6th Cir. Mar. 6, 2009)). The 90-day delay in this case does not weigh in the defendant's favor. *See id.* (93-day delay weighed against the defendant).

## B. Reason for Failing to Move Earlier

The defendant "states that he was never told that the Presentence Investigation Report (hereafter 'PSI') would be what sentenced him in this matter. However, as soon as he saw the PSI, he immediately wanted to withdraw his plea." [Doc. 316, p.1]. Of course, the PSR is not what will "sentence him in this matter." It is the undersigned who will sentence the defendant, after weighing many considerations only one of which is the Sentencing Guidelines. *See* 18 U.S.C. § 3553(a).

Regardless, the defendant's claimed ignorance regarding the PSR and the Sentencing Guidelines is wholly inconsistent with the above-cited excerpts from his plea agreement and his change of plea hearing. Further, it is obvious that the defendant had the opportunity to review his plea agreement, as shown by his hand-written alterations and deletions. In the plea agreement, the defendant specifically reserved the right to contest applicability of the career offender guideline which is now the basis for his potentially higher sentence. For the defendant to now claim that he was uninformed or misled at the time of plea is simply not credible.

6

Additionally, the court adopts the following excerpt from Magistrate Judge

Inman's November 5, 2013 order:

> As far as not explaining the Presentence Investigation Report to him, Probation Officer Lasko advised the court that [former attorney] Mr. Brown extensively discussed with her information in the PSI, including Mr. Teague's criminal history. Why Mr. Brown would go to the time and trouble of discussing all that with a probation officer, and then declining to discuss it with the defendant himself, is difficult to understand.
>
> Mr. Teague's accusations against attorney Brown are unreasonable and unfair, not to mention untrue.

[Doc. 288, p.2].

The defendant's present claims ring false. This factor, the reason for failing

to move earlier, weighs against allowing the withdrawal of the guilty plea.

## C. Assertions of Innocence

The defendant "states that he was guilty to a certain degree and was accepting

of the 110-137 months to which he believed he had pled. However, he has always

maintained his guilt was not to the extent to which he will be sentenced according to the

PSI." [Doc. 316, p.1].

By contrast, the signed plea agreement more clearly provides, "The defendant

is pleading guilty because the defendant is in fact guilty." Similarly, at his change of plea

hearing the defendant stated under oath that he was pleading guilty because he was in fact

guilty.

7

The defendant's motions are not based on claims of innocence. Rule 11(d) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, *not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.*" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (citation and quotation omitted) (emphasis added). "[T]he fact that a defendant's guideline range is higher than expected is not such a just and fair reason" for withdrawing a plea. *United States v. Gibson*, 135 F.3d 1124, 1127 (6th Cir. 1998); *see also United States v. Stephens*, 906 F.2d 251, 253 (6th Cir. 1990) ("[T]he mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a 'fair and just' reason to allow withdrawal of a plea agreement.").

Innocence is far from a common or recurring thread in the present defendant's protestations to this court. *See, e.g., Alexander*, 948 F.2d at 1004 (noting the absence of "vigorous and repeated protestations of innocence"). This consideration - whether the defendant has asserted or maintained his innocence - weighs heavily in favor of denying his motions.

D. Circumstances Underlying the Entry of the Guilty Plea

The defendant "states that when he was unclear about the questions and consequences of his answers at the plea colloquy he was told to 'just say yes' by his previous attorney." [Doc. 316, p.2]. The court again notes that the defendant: swore to tell the truth

8

at his change of plea hearing; admitted his guilt; and said that he was satisfied with his then-attorney's representation. Therefore, the defendant's current position is that he repeatedly lied under oath at his change of plea hearing. That fact renders him unbelievable in the court's eyes. *See United States v. Banks*, 27 F. App'x 354, 360 (6th Cir. 2001) (defendant's claim of inadequate counsel refuted by his prior statement under oath that he was satisfied with his attorney); *accord United States v. Terry*, 162 F. App'x 539, 541 (6th Cir. 2006) (same).

The circumstances underlying the entry of the guilty plea, viewed as a whole, do not rise to the level of demonstrating a fair and just reason for requesting withdrawal of the plea in this case.

E. Nature, Background, and Experience with the Criminal Justice System

The defendant's presentence report lists **39** prior convictions in a 26-year period. The defendant has previously been convicted of multiple assaults, multiple drug offenses, statutory rape, multiple burglaries, and multiple thefts. He entered guilty pleas in many of these prior cases. Further, there are two pending drug charges and twelve additional arrests.

The defendant argues that he does not have a college education. That is not an uncommon characteristic in this court's criminal caseload. In fact, the defendant has a G.E.D. and two years of college coursework, making him more educated than most of the defendants who come before this court.

9

The defendant further points out that his numerous prior convictions are all in state court. This court again notes, however, the defendant's prior affirmations that he is guilty in this case and that he understood the role of the PSR and Sentencing Guidelines.

On the whole, the defendant's nature, background, and experience with the criminal justice system weigh in favor of denying the present motions.

F. Prejudice to Government

The defendant has not shown a fair and just reason for withdrawing his plea. The government "is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal[.]" *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987).

Nonetheless, the government points out that almost all of the defendant's coconspirators have already been sentenced. The government argues,

> It would be significantly more difficult for the United States to obtain co-conspirators as potential witnesses because of the amount of time that has passed and because most co-conspirators are already serving terms of imprisonment in BOP facilities across the country. Prior to the sentencing of the other co-conspirators, the United States had requested a continuance of the sentencing dates for numerous co-defendants until the defendant had entered his guilty plea. To permit the defendant to withdraw his plea at this time, based upon the circumstances present in this case, would prejudice the United States . . . .

[Doc. 309, p. 10-11].

The court understands and agrees with the government's position. The government has shown a likelihood of prejudice. *See, e.g., United States v. Durham*, 178

F.3d 796, 799 (6th Cir. 1999) ("[A]llowing Durham to withdraw his plea and forcing the government to prepare its case once again would prejudice the government."). This factor weighs against granting the defendant's motions.

III.

*Conclusion*

Having considered the facts and circumstances of this case, the court concludes that the defendant has not shown a fair and just reason for withdrawing his plea. The pending motions [docs. 273, 298] are **DENIED**, and the sentencing hearing remains **SET** for **Tuesday, April 1, 2014, at 1:15 p.m.**

ENTER:

s/ Leon Jordan
United States District Judge