UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | | | |
|---|---|---|---|
| GARY EUGENE TEAGUE, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 2:15-CV-250-RLJ |
| | ) | | 2:12-CR-118-RLJ-3 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 384]. The government filed its response on September 22, 2015 [Doc. 387]. For the reasons stated below, Petitioner's § 2255 motion [Doc. 384] will be **DISMISSED WITH PREJUDICE.**

## I. BACKGROUND

On July 11, 2013, Petitioner pled guilty, pursuant to a written plea agreement, to participating in a conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C) [*see generally* Doc. 177; Doc. 306], admitting that the conspiracy lasted from January 6, 2011 until August 3, 2012 [Doc. 177 ¶ 4(a)]. Specifically, Petitioner admitted to obtaining oxycodone from numerous pain clinics and doctors for the purpose of distributing the pills to others; his father, co-defendant Ralph Teague, paid for Petitioner's travel expense, doctor visits, and oxycodone prescriptions [*Id.* ¶¶ 4(b), (c)]. Pharmacy records demonstrate that Petitioner obtained 4,655 dose units of controlled substances—including oxycodone, alprazolam, clonazepam, morphine, and hydrocodone—between April 19, 2010, and August 3, 2012 [*Id.* ¶ 4(l)]. During that time period, he obtained 3,610 oxycodone tablets: 2,772 tablets of 30

milligrams ("mg") each, 810 tablets of 15 mg each, and 30 tablets of 10 mg each [*Id.*]. Petitioner stipulated that he was responsible for at least 95,610 mg of oxycodone and that, because of his prior felony drug convictions, he could receive any sentence up to the enhanced statutory maximum of thirty years' imprisonment [*Id.* ¶¶ 1, 4(m); Doc. 306 pp. 11–12].

Petitioner's stipulated drug quantity yielded a marijuana equivalent of 640.587 kilograms and base offense level of 28 [Presentence Investigation Report ("PSR") ¶ 28]. Because Petitioner had at least two prior qualifying convictions, he was deemed a career offender under U.S.S.G. Section 4B1.1, with an increased offense level of 34 [*Id.* ¶ 34]. His prior qualifying convictions included: (1) a 1991 conviction in Cocke County, Tennessee for the sale and delivery of cocaine; (2) a 2000 conviction in Knox County, Tennessee for the sale of one-half ounce of marijuana; and (3) a 2003 conviction in Knox County, Tennessee for aggravated burglary [*Id.* ¶¶ 34, 49, 60, 64]. After a three-level reduction for acceptance of responsibility, Petitioner's total offense level was 31 [*Id.* ¶¶ 35–37]. In addition to the foregoing, Petitioner accumulated 29 criminal history points, more than double the requisite number for the highest criminal history category of VI and the same applicable to him as a career offender under Section 4B1.1 [*Id.* ¶¶ 82, 83]. The Court sentenced Petitioner to 200 months' imprisonment, a term of incarceration well within his 188 to 235 month guideline range [*Id.* ¶ 116; Docs. 329, 338].

Petitioner sought to appeal [Doc. 338 pp. 18–20], but the Sixth Circuit Court of Appeals ultimately dismissed that appeal on December 18, 2014 pursuant to an appeal waiver provision in the plea agreement [Doc. 346]. Petitioner thereafter sought a sentence reduction in light of 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782, but the Court declined the motion because Petitioner's career-offender guidelines range was unchanged [Doc. 357]. Petitioner filed the current, timely § 2255 motion on September 11, 2015 [Doc. 384].
2

## II. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

Petitioner articulates two grounds of collateral challenge [Doc. 384]. First, he claims trial counsel rendered constitutionally deficient assistance by failing to object to incorporation of the 1991 drug-related felony in his criminal history calculation when that offense transpired more than fifteen years before he "allegedly completed [the charged offense] on December 11, 2012" ("Ground One") [*Id.* at 4, 14–15 (arguing the 1991 conviction fell outside the fifteen-year counting provision of Section 4A1.2(e)(1))]. Second, he cites the recent United States Supreme Court decision *Johnson v. United States*, 135 S. Ct. 2551 (2015), as proof that this Court erred when it categorized him as a career offender under Section 4B1.2 ("Ground Two") [*Id.* at 5, 19–21 (arguing his prior convictions no longer qualify as career-offender predicates)].

### A. Ground One: Incorporation of Petitioner's 1991 Conviction in Criminal History

A petitioner alleging ineffective assistance must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, the petitioner must establish, by

3

identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel's assistance is presumed to have been effective, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant a new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

Section 4A1.2(e)(1) limits prior criminal convictions cognizable for purposes of a defendant's criminal history calculation to those "prior sentences of imprisonment exceeding one year and one month . . . [that (1) were] imposed within fifteen years of the defendant's commencement of the [charged] offense . . . or [(2)] result[ed] in the defendant being incarcerated during any part of such fifteen-year period." U.S. Sentencing Manual § 4A1.2(e)(1). Petitioner stipulated in his plea agreement that the instant conspiracy began on

4

January 6, 2011 [Doc. 177 ¶ 4(a)].  As such, the second prong of section 4A1.2 mandates he be assessed criminal history points for any conviction yielding a sentence in excess of one year and one month resulting in incarceration after January 6, 1996—fifteen years before the commencement of the charged offense.  Petitioner himself admits that the sentence for his 1991 drug conviction did not expire until November 1997 [Doc. 384 p. 4; PSR ¶ 48] and, as a result, has failed to establish that the Court erred by assessing three criminal history points for the conviction.  *See* U.S. Sentencing Manual § 4A1.2(d)(1) (assessing three criminal history points for any offense committed prior to age eighteen but for which the defendant was convicted as an adult). Ground One fails accordingly.  *See Miller v. United States*, No. 1:07-cv-983, 2007 U.S. Dist. LEXIS 98788, at *5 (Dec. 12, 2007) ("[C]ounsel cannot be deemed ineffective for failure to raise a meritless objection." (citing *Norris v. Schotten*, 146 F.3d 314, 336 (6th Cir. 1998)).

**B. Ground Two: Categorization as Career Offender after *Johnson v. United States***

Petitioner's second ground for collateral relief argues he no longer qualifies as a career offender under Section 4B1.2 of the United States Sentencing Guidelines [Doc. 384 pp. 5, 19–20].  Specifically, he argues *Johnson v. United States*—in which the United States Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague—nullified identical language contained in the definition for "crime of violence" found in Section 4B1.2(a)(2) [Doc. 384 pp. 19–20].  He misreads *Johnson*'s scope.

The Supreme Court made clear that *Johnson* did not intend to "call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., application of the use-of-physical force or enumerated-offense clauses.[1]  *Id.*  Further, the opinion is completely silent as to whether

---

[1] The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of

5

its holding applies retroactively to cases on collateral review or extends to invalidate the residual clause contained in Section 4B1.2(a)(2)'s definition of "crime of violence." The Court finds that it need not reach either question, however, because applying *Johnson* to the instant case would have no effect whatsoever upon Petitioner's career offender classification or sentence. *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause).

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Doc. 384].

Section 4B1.2 defines "controlled substance offense" as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). Petitioner's 1991 and 2000 convictions fall squarely within this definition, *see United States v. Carter*, 283 F.3d 755, 757–58 (6th Cir. 2002) (finding three convictions for sale of cocaine constituted three separate predicate offenses under 4B1.2); *United*

---

physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

6

*States v. Kinzer*, No. 2:10-cr-84, 2014 U.S. Dist. LEXIS 29340, at *2–3, 15–19 (E.D. Tenn. Mar. 7, 2014) (explaining two convictions for possession of marijuana with intent to sale constituted predicate "controlled substance offenses"), and, as a result, were properly classified as qualifying predicate convictions under Section 4B1.1(a)(3). *Johnson* is inapposite on the issue and, thus, Petitioner cannot demonstrate that he is entitled to collateral relief.

## IV. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 384] will be **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge