UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:12-CR-00118-DCLC-CRW |
| v. | ) | |
| GARY EUGENE TEAGUE, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 476]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 483], and the United States ("the Government") responded in opposition [Doc. 486].

**I.  BACKGROUND**

On July 23, 2013, Defendant pleaded guilty to one count of conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) [Docs. 177, 187]. Based on an offense level of 31 and a criminal history category of VI, Defendant's guideline range was 188 to 235 months. The Court sentenced Defendant to a term of imprisonment of 200 months to be followed by a 6-year term of supervised release [Doc. 329]. Defendant is currently housed at RRM Nashville with a projected release date of July 20, 2025. *See* Inmate Locator, Bureau of Prisons, available at https://www.bop.gov/inmateloc/ (last accessed January 2, 2025). Defendant now moves for a sentence reduction pursuant to Guideline Amendment 821 [Doc. 476].

1

## II.  ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted).  Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders").  Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels.  Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant moves for a sentence reduction under the first part of Amendment 821, U.S.S.G. § 4A1.1.  At the time of sentencing, Defendant's prior convictions yielded 27 criminal history points and he received two status points for committing the offense while under a criminal justice sentence.  If sentenced today, Defendant would receive one status point under U.S.S.G. § 4A1.1, resulting in a total of 28 criminal history points rather than 29.  But Defendant would still be in criminal history category VI and his guideline range would be the same.  Accordingly, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 476] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge
